**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SENECA DUKES,

     Movant,

v.

                                       Case No. 8:25-cv-606-WFJ-NHA
                                   Crim. Case No. 8:22-cr-114-WFJ-NHA

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER

Seneca Dukes is a federal prisoner serving a 312-month sentence for conspiracy to distribute and possess with intent to distribute fentanyl and methamphetamine resulting in serious bodily injury. He moves to vacate his conviction under 28 U.S.C. § 2255. (Civ. Doc. 1). The United States responded to the motion, and Mr. Dukes filed a reply. (Civ. Docs. 5, 7). After careful review, the motion is **DENIED**.

## I.    Background

In the spring of 2021, Mr. Dukes conspired with his co-defendants to smuggle fentanyl and methamphetamine into the Hillsborough County Jail. (Crim. Doc. 351 at 19). At the time, Mr. Dukes was an inmate at the jail. (*Id.*) He directed Michelle Lipinski, a nurse at the facility, to obtain the drugs from Miriam Marti-Benning. (*Id.* at 20). Ms. Lipinski brought the drugs "into the jail during her work shifts and delivered [them] to [Mr. Dukes] in his pod." (*Id.*) Mr. Dukes and David Marty distributed the fentanyl and

methamphetamine to inmates at the jail. (*Id.*) One of those inmates overdosed on fentanyl and had to be revived through the administration of Narcan. (*Id.* at 20-21).

On the morning of trial, Mr. Dukes pled guilty without a plea agreement to conspiracy to distribute and possess with intent to distribute fentanyl and methamphetamine resulting in serious bodily injury. (Crim. Docs. 243-44). He faced a guideline range of life in prison. (Crim. Doc. 252 at 28). The Court granted Mr. Dukes a substantial downward variance, sentencing him to 312 months in prison. (Crim. Doc. 289).

Mr. Dukes initially appealed his conviction, but he later filed a motion to voluntarily dismiss the appeal. *United States v. Dukes*, No. 24-11263, Doc. 8 (11th Cir.). According to the motion, appellate counsel advised Mr. Dukes that (1) "his likelihood of success on any direct appeal was almost none" because he had "received a seven-level [downward variance]," and (2) if he appealed, the United States "could cross-appeal" the downward variance. *Id.* Based on this advice, Mr. Dukes signed a "waiver of appeal" form stating that he "wishe[d] to take a voluntary dismissal of [his] appeal." (Crim. Doc. 321). The Eleventh Circuit granted Mr. Dukes's motion and dismissed the appeal. (Crim. Doc. 322).

## II.    Legal Standards

Section 2255 allows a federal prisoner to "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215-16 (11th Cir. 2014). On collateral review, a petitioner "has the burden of proof and persuasion on all the elements of his claim." *In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016). This is "a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 164-66 (1982), because "[w]hen the

process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence." *Moore*, 830 F.3d at 1272. "[I]f the Court cannot tell one way or the other" whether the petitioner's claim is valid, he has "failed to carry his burden of showing all that is necessary to warrant § 2255 relief." *Id.* at 1273.

Mr. Dukes alleges ineffective assistance of counsel. Ineffective-assistance-of-counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id.* at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Mr. Dukes must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, Mr. Dukes must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## III.    Discussion

Mr. Dukes alleges that trial counsel was ineffective for (1) "refusing to adopt motions that could have exonerated" him, (2) failing to investigate "exculpatory" evidence,

and (3) "refusing to subpoena" two unidentified witnesses who could have rebutted "the allegations [that Mr. Dukes was a] co-conspirator." (Civ. Doc. 1 at 4). The United States correctly contends that these allegations are insufficient to warrant relief under § 2255.[1] (Civ. Doc. 5 at 11-14).

First, Mr. Dukes claims that there were "discrepancies between what the alleged [overdose] victim . . . said versus the inconsistent statements of cooperating co-defendants." (Civ. Doc. 7-1 at 2). Mr. Dukes does not identify the alleged discrepancies. Instead, he simply asserts that counsel could have filed "meritorious motions to prevent" the use of "inconsistent statement[s]." (*Id.*) But any conflicts in the witnesses' statements would not have been a basis to exclude them via pretrial motion. Had the case gone to trial, the jury would have been tasked with "weigh[ing] and resolv[ing] conflicts in the evidence." *United States v. Gonzalez*, 404 F. App'x 403, 404 (11th Cir. 2010); *see also United States v. Pearson*, 746 F.2d 787, 794 (11th Cir. 1984) ("Although there was substantial conflicting defense testimony, all conflicts in the evidence must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses."). Because the proposed motions had no chance of success, counsel was not deficient for failing to file them. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel cannot be "ineffective for failing to raise a nonmeritorious issue").

Second, Mr. Dukes claims that counsel failed to uncover "exculpatory evidence" and "refus[ed] to subpoena" witnesses who could have rebutted "the allegations [that he

---

[1] The United States also argues that Mr. Dukes waived his ineffective-assistance claims by pleading guilty. (Civ. Doc. 5 at 9). The Court need not reach that issue because the claims fail on the merits.

was a] co-conspirator." (Civ. Doc. 1 at 4). But Mr. Dukes does not identify any exculpatory evidence that went undiscovered, nor does he describe the testimony of the unidentified witnesses. Mr. Dukes cannot obtain relief based on "conclusory allegations unsupported by specifics."[2] *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001); *see also Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient."); *Rogers v. United States*, No. 1:16-cr-324-TWT-RGV, 2019 WL 9595352, at *4 (N.D. Ga. Jan. 14, 2019) (no deficient performance or prejudice where petitioner failed to "identify the[] 'favorable witnesses' or provide a summary of their expected testimony"), *adopted by* 2020 WL 4464647 (N.D. Ga. Aug. 4, 2020).

In short, Mr. Dukes fails to "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." *Hernandez v. United States*, 778 F.3d 1230, 1232-33 (11th Cir. 2015). Thus, his § 2255 motion is due to be denied without an evidentiary hearing.[3] *See Winthrop-Redin v. United*

---

[2] Mr. Dukes appears to contend that he "would not have been connected as a co-conspirator" because "no drugs [were] found on him." (Civ. Doc. 7-1 at 4). But he ignores the other evidence of his guilt, including numerous jail calls in which he conspired with his co-defendants to smuggle narcotics into the jail. (Crim. Doc. 252 at 5-13; Crim. Doc. 351 at 22).

[3] Mr. Dukes notes that appellate counsel advised him "not to go forward with [his] direct appeal." (Civ. Doc. 1 at 4). It does not appear that Mr. Dukes intends to raise an ineffective-assistance claim based on the voluntary dismissal of his appeal. Regardless, any such claim would fail. Mr. Dukes does not identify any colorable issues that could have been raised on direct appeal. Thus, he fails to show a reasonable probability that "but for counsel's [allegedly] deficient performance, he would have prevailed on appeal." *Shere v. Sec'y, Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008). Additionally, in his reply, Mr. Dukes claims that counsel failed to "challenge" the presentence investigation report. (Civ. Doc. 7 at 2). Mr. Dukes "waived [this] claim" by "rais[ing] it for the first time in his reply." *Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018). In any event, the claim fails because Mr. Dukes does not identify any viable "challenge" that counsel could have raised.

*States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (no evidentiary hearing required unless petitioner "alleges facts that, if true, would entitle him to relief").

## IV.    Conclusion

Accordingly, the Court **ORDERS**:

1. Mr. Dukes's motion to vacate under § 2255 (Civ. Doc. 1) is **DENIED**.

2. The **CLERK** is directed to enter judgment against Mr. Dukes, to **CLOSE** this case, and to enter a copy of this order in the criminal case.

3. Because Mr. Dukes neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, on September 23, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**